IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MATT RAEBURN and JEFF MOORE                                PLAINTIFFS

v.                        No. 4:24-cv-706-DPM

JAMES GIBSON, in his Individual and
Official Capacity as a Police Officer for
the City of Vilonia, Arkansas                              DEFENDANT

ORDER

This sequel lawsuit raises questions about pleading and removal. Officer Gibson removed this latest iteration of the case here; Raeburn and Moore move to remand. The procedural history is important.

\*

After being arrested at his child's baseball game in Vilonia, Raeburn sued Officer Gibson in this Court, making federal and state claims. No. 4:18-cv-374-DPM (*Raeburn I*). Among his federal claims were excessive force in violation of the Fourth Amendment and failure to train (against Vilonia, through Officer Gibson in his official capacity) based on violations of the First Amendment. Speaking through me, this Court granted summary judgment on all federal claims and declined to exercise supplemental jurisdiction over Raeburn's state law claims. *Doc. 52* in *Raeburn I*. The Court of Appeals affirmed. 2021 WL 3871916 (8th Cir. 2021) (unpublished *per curiam*).

Raeburn then refiled his case in Faulkner County Circuit Court. This was in November 2021, a month after the Court of Appeals' decision. He explained his case in the first few paragraphs of his state court complaint. "This is in action to for assault, battery, abuse of process, and malicious prosecution." *Complaint at 1*, No. 23CV-21-1443 (Faulkner Cnty. 2021) (*Raeburn II*).* He also pleaded the background. "Plaintiff previously brought this action in the United States District Court. The Court granted summary judgment on federal claims and denied supplemental jurisdiction on remaining state law claims. The state law claims were dismissed without prejudice." *Ibid.*

Raeburn's general allegations of fact were substantially similar — though a reference to the First Amendment was removed, along with a few other facts. *Compare Doc. 1 at 2* in *Raeburn I*, *with Complaint at 2* in *Raeburn II*. Count one claimed assault and battery. Gone were the references to the Fourth Amendment and excessive force. Count two claimed malicious prosecution and abuse of process. These allegations were identical to those in Raeburn's federal case. He pleaded that Officer Gibson arrested him without probable cause. He "took these actions because he did not know better. The City had failed to train [Officer Gibson] in the appropriate use of force and the appropriate

---

* The state court filings are available on the Arkansas Judiciary's website (https://caseinfo.arcourts.gov/opad). Gibson also attached them to his notice of removal in this case, *Doc. 1*.

-2-

response to protected speech under the Arkansas Constitution and the First Amendment to the Federal Constitution." *Compare Doc. 1 at 4* in *Raeburn I, with Complaint at 3* in *Raeburn II*. Officer Gibson answered but did not remove the refiled case.

Moore and Officer Gibson had a similar fraught encounter at a soccer game. After Moore was found not guilty of all criminal charges, he too sued Officer Gibson here. No. 4:19-cv-51-BRW. His complaint gave more factual details about his run-in with Officer Gibson than Raeburn's did about his encounter. Moore's federal and state claims were similar: Fourth Amendment (unreasonable search and seizure), First Amendment (retaliatory arrest and failure to train), and state law claims for malicious prosecution and abuse of process. *Doc. 1 at 4-6* in 4:19-cv-51-BRW. He did not allege excessive force. After a nonsuit, and engaging new counsel (Raeburn's lawyers), his refiled case was assigned to Chief Judge Baker. Raeburn's lawyers now represented Moore. In due course she granted summary judgment on all Moore's federal claims, dismissing his state claims without prejudice. *Doc. 40* in No. 4:20-cv-258-DPM. After Chief Judge Baker entered Judgment, this case was reassigned to me. I denied a motion to reconsider. No appeal was taken.

Moore then joined Raeburn's state case by way of an amended complaint. The detailed facts about the Moore/Officer Gibson encounter were added. The jurisdictional pleading remained the same:

–3–

four state law claims; prior federal cases; federal claims rejected on summary judgment; and state claims dismissed without prejudice. The same state claims were reasserted in two counts: (1) assault and battery; plus (2) malicious prosecution and abuse of process. And the same explanation was pleaded for Officer Gibson's actions: "he did not know better" because Vilonia hadn't trained him about appropriate force or "the appropriate response to protected speech under the Arkansas Constitution and the First Amendment to the Federal Constitution." *Amended Complaint at 7* in *Raeburn II*. Officer Gibson answered. He did not remove the case then, either. This was in October 2022, about a year after Raeburn had refiled.

Almost two years later, in August 2024, Raeburn and Moore amended their complaint. Now they began with different words. "This is an action to address each Plaintiff's Fourth Amendment rights to be free from search and seizure under the United States Constitution, as well as the Arkansas Constitution. Plaintiffs' State claims include assault, battery, and violation of the rights granted each Plaintiff under Article II to the Arkansas Constitution." *Second Amended Complaint at 1* in *Raeburn II*. This was a reference to the State Constitution's Declaration of Rights, which includes First and Fourth Amendment analogs. Count one of their second amended complaint explicitly stated Fourth Amendment claims (arrest without probable cause, excessive force, unreasonable search and seizure), as well as assault and

-4-

battery. *Second Amended Complaint at 2* in *Raeburn II*. Raeburn and Moore also expanded count two to make clear First Amendment claims (retaliatory arrest and failure to train), echoing Arkansas constitutional claims, plus malicious prosecution and abuse of process. *Second Amended Complaint at 3* in *Raeburn II*. The second amended complaint looked much like a combined version of Raeburn's and Moore's mixed federal/state claims originally asserted in their federal cases. This time Officer Gibson answered and removed the case—*Raeburn II*—here.

Raeburn and Gibson seek remand, arguing that a federal question has been in the refiled case from the beginning. A First Amendment claim was there, they say in November 2021, when Raeburn refiled, and it was there in October 2022 when Moore came in by amendment. Gibson counters that no federal question was presented until the bright colors provided in the second amended complaint.

\*

The refiled case was not removable until the second amended complaint.

First, consider context. All the prior pleadings began by saying that the federal claims had failed on summary judgment and only the state claims remained alive. They also said that Raeburn and Moore asserted four state law claims, not a federal claim.

Second, consider the First Amendment reference. It's buried. Pleading is about giving fair notice, not a game of hide and seek.

-5-

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A reasonable reader could infer that this identical sentence was simply a holdover, something inadvertently left in when the case was refiled. After all, this Court had granted summary judgment on the plaintiffs' respective federal claims against Vilonia for failure to train. Alternatively, if the reference was intentional, then it could reasonably be read as an explanation for Officer Gibson's alleged malicious prosecution and abuse of process, rather than a federal claim. The procedural history and the words of their state pleadings undermine Raeburn's and Moore's argument that they made a First Amendment *claim* from the get-go.

Third, if the lack of training/First Amendment training allegation was intended to explain why the prosecutions were malicious and abusive, then it presented a *Grable* situation: an embedded federal issue. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312 (2005). Viewed in this light, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." 545 U.S. at 314.

Raeburn's and Moore's First Amendment reference does not satisfy this standard. To begin, the constitutional adequacy of Vilonia's training about citizen speech is of course a First Amendment matter:

–6–

Citizens have the right to express themselves vigorously, even vulgarly, to police officers. *Compare Thurairajah v. City of Fort Smith*, 3 F.4th 1017, 1022 (8th Cir. 2021). But, again, this Court had already rejected the plaintiffs' failure to train claims because Officer Gibson didn't violate the U.S. Constitution. The First Amendment issue had been addressed, directly as to Moore and indirectly as to Raeburn; this is not the stuff of an actual dispute. Next, any remaining issue is a side point rather than a substantial one. The quality of Vilonia's First Amendment training does not make or break Raeburn's and Moore's state law claims. These prosecutions may or may not have been malicious or abusive whether the City's training was adequate or not. *Compare Wullschleger v. Royal Canin U.S.A., Inc.*, 953 F.3d 519 (8th Cir. 2020) (Federal Drug and Cosmetic Act and related regulations permeated and could determine state law claims). Last, the federal/state balance of court business. If plaintiffs' argument is correct, then every case asserting a state tort claim against a public official and involving some strong words spoken by a citizen arises under federal law. To state that argument reveals its breadth and novelty. In Justice Souter's phrase, the "disruptive portent" is too great. *Grable*, 545 U.S. at 314. The Supreme Court has not "treated 'federal issue' as a password opening federal courts to any state action embracing a point of federal law." *Ibid.*

\*

Raeburn's and Moore's second amended complaint raises Fourth and First Amendment claims. It does so unequivocally and unmistakably. (Why it did so, and whether those claims have any life in them, given this Court's earlier rulings, are important questions for another day.) The second amended complaint made the case removable. 28 U.S.C. § 1331 & 1441(a). The earlier pleadings did not. Motion to remand, *Doc. 6*, denied.

So Ordered.

*(signed)* W.P. Marshall Jr.
D.P. Marshall Jr.
United States District Judge

19 December 2024