**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**MATT RAEBURN and JEFF MOORE** **PLAINTIFFS**

**v.** **No. 4:24-cv-706-DPM**

**JAMES GIBSON, in his Individual and Official Capacity as a Police Officer for the City of Vilonia, Arkansas** **DEFENDANT**

# ORDER

In its Order denying remand, the Court recounted the long and winding pleading roads traveled by Raeburn and Moore. *Doc. 15 at 1–4.* Officer Gibson now moves for judgment as a matter of law on their current joint complaint. He argues claim preclusion against their federal claims, plus limitations and issue preclusion against their state claims. For background, the Court has appended a chart listing the claims made in each version of this now-joint case. At the end of its no-remand Order, this Court wondered why Raeburn and Moore were raising Fourth Amendment and First Amendment claims at this late point. *Doc. 15 at 8.* Things are clearer now. Raeburn and Moore resist Officer Gibson's claim preclusion defense with a recent Supreme Court decision about malicious prosecution, *Chiaverini v. City of Napoleon*, 602 U.S. 556 (2024). That was a follow-on decision to *Thompson v. Clark*, 596 U.S. 36 (2022).

*First*, the general rule is that Raeburn and Moore's federal claims are barred by this Court's final Judgments in their first cases. *Roach v. Teamsters Local Union No. 688*, 595 F.2d 446, 448–49 (8th Cir. 1979); *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998); *Elbert v. Carter*, 903 F.3d 779, 782 (8th Cir. 2018). This Court had subject matter jurisdiction and personal jurisdiction. The parties were identical. This Court decided their First Amendment claims on the merits. It decided their Fourth Amendment false arrest, excessive force, and failure to train claims on the merits. This Court entered final Judgments on all federal claims. Raeburn's Judgment was affirmed on appeal, while Moore's Judgment became final when he didn't appeal. The only carve-out was the undecided state law claims, which the Court dismissed without prejudice.

Raeburn and Moore argue an exception to the general rule: an intervening change in the law for malicious prosecution claims. But this argument, whatever the merits, stands on a mistaken premise. Neither Raeburn nor Moore plainly pleaded a Fourth Amendment malicious prosecution claim under § 1983 in their earlier federal cases. They pleaded several Fourth Amendment claims (false arrest, excessive force, and failure to train), First Amendment claims, Arkansas law malicious prosecution claims, and several other state law claims. The parties briefed the claims that way. Chief Judge Baker and I decided the federal claims that way. Raeburn says that I dismissed his § 1983

malicious prosecution claim in his earlier suit. *Doc. 30 at* 2. I didn't. I dismissed his Fourth Amendment false arrest claim. *Doc. 52 at 4–5 in Raeburn v. Gibson*, Case No. 4:18-cv-374-DPM (E.D. Ark. 24 April 2020).

Raeburn appealed. He didn't argue that he had a wrongly decided, or an undecided, Fourth Amendment malicious prosecution claim. And the Court of Appeals didn't address a federal malicious prosecution claim. Moore moved to reconsider. In his brief, he attacked the "arguable probable cause" doctrine, quoted the *Thompson* case, and alluded to an "erroneously disregarded" malicious prosecution claim under § 1983, but did not clearly state the issue. *Doc. 43 at 4–5* in No. 4:20-cv-258-DPM (*Moore II*). In any event, a party cannot amend his pleadings in a brief. *Northern States Power Co. v. Federal Transit Administration*, 358 F.3d 1050, 1056–57 (8th Cir. 2004). Moore didn't appeal any ruling in his case.

The newly asserted Fourth Amendment malicious prosecution claims arise from the same ballfield encounters, the same nucleus of operative facts. These federal claims could have been pleaded plainly and argued clearly before. (More on that below.) They weren't. The final Judgments bar Raeburn and Moore from asserting them now. *Roach*, 595 F.2d at 448–49; *Magee v. Hamline University*, 775 F.3d 1057, 1059 (8th Cir. 2015); RESTATEMENT (SECOND) OF JUDGMENTS §§ 17 & 19 (1982). The same is true of Moore's new excessive force claim.

*Second*, under settled Circuit precedent, Raeburn and Moore could have pleaded and pressed a federal malicious prosecution claim if Officer Gibson's "alleged wrongful conduct also infringed some provision of the Constitution or federal law." *Dunn v. Does 1–22*, 116 F.4th 737, 751 (8th Cir. 2024) (quotations and alterations omitted, citing cases dating back twenty-plus years). Their federal complaints claimed that Officer Gibson's actions infringed their First Amendment and Fourth Amendment rights. Whether their foundational constitutional claims would have stood is not the point. *See, e.g., Martin v. Julian*, 18 F.4th 580, 583–84 (8th Cir. 2021). Instead, the point is that the constellation of facts included the alleged infringement of claim-founding constitutional rights.

*Thompson* doesn't help Raeburn and Moore. That decision eliminated the necessity of having a supposedly violated foundational federal right underneath a federal malicious prosecution claim. 596 U.S. at 43–44 . It changed the law in the Eighth Circuit. But the change doesn't save Raeburn and Moore's unasserted federal malicious prosecution claims from a preclusion bar because they could have made those claims pre-*Thompson*.

*Chiaverini* doesn't help Raeburn and Moore, either. That decision softened the rule of *Devenpeck v. Alford*, 543 U.S. 146 (2004). In a Fourth Amendment malicious prosecution claim, the probable cause must be rooted in the crime actually charged, not any potential crime.

602 U.S. at 562. That issue was percolating in the circuits before and while Raeburn and Moore's federal cases were pending. *E.g.*, *Williams v. Aguirre*, 965 F.3d 1147, 1159–62 (11th Cir. 2020); *Johnson v. Knorr*, 477 F.3d 75, 83–85 (3d Cir. 2007). But they chose not to press that issue either before this Court or the Court of Appeals. They didn't bring federal malicious prosecution claims. *Chiaverini*'s change in the law doesn't eliminate the Judgments' preclusive bar against claims arising from Officer Gibson's conduct. *Compare* RESTATEMENT (SECOND) OF JUDGMENTS § 73 (1982) (narrow exceptions for changed conditions, especially relating to preclusion and future conduct).

*Third*, and in any event, I'm not persuaded that Raeburn and Moore's case comes within *State Farm Mutual Automobile Insurance Co. v. Duel*'s narrow exception to the general principles of claim preclusion. 324 U.S. 154, 162 (1945). Those principles are reflected in *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) and the RESTATEMENT (SECOND) OF JUDGMENTS §§ 17, 19, 20 & 24–26 (1982). Raeburn appealed. The Court of Appeals affirmed. Raeburn could have sought *certiorari*. He didn't. Moore didn't appeal, judging it to be futile. Raeburn and Moore's cases are not so intertwined as to be part of the same whole. Both men encountered the same law enforcement officer weeks apart. They now have the same lawyer. Whatever flexibility the claim preclusion bar has at the margin in

certain extraordinary circumstances, this case doesn't involve any such circumstances. *E.g.*, RESTATEMENT (SECOND) OF JUDGMENTS § 26 (1982).

*Fourth*, the Court understands but declines Officer Gibson's request (joined by Raeburn and Moore) for this Court to exercise supplemental jurisdiction over Raeburn and Moore's state law claims. The issue preclusion and limitations questions presented require a nuanced application of Arkansas law, probably after more targeted briefing. An Arkansas court is best suited to make these judgment calls. *Johnson v. City of Shorewood*, 360 F.3d 810, 819 (8th Cir. 2004).

*

Officer Gibson's motion, *Doc. 25*, is partly granted and partly denied. All of Raeburn and Moore's federal claims are dismissed with prejudice based on claim preclusion. Raeburn and Moore's state claims are remanded to the Circuit Court of Faulkner County, Arkansas. 28 U.S.C. § 1367(c)(3); *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 43–44 (2025).

So Ordered.

D.P. Marshall Jr.
United States District Judge

12 August 2026

## APPENDIX – CLAIMS SUMMARY

| Case | Claims | Outcome |
|---|---|---|
| *Raeburn I*, 4:18-cv-374-DPM | Federal:<br>• Fourth Amendment excessive force<br>• Fourth Amendment unlawful arrest<br>• Fourth Amendment failure to train<br>• First Amendment retaliation<br>• First Amendment failure to train<br>State:<br>• Arkansas Civil Rights Act (Fourth Amendment equivalent)<br>• Arkansas Civil Rights Act (First Amendment equivalent) | • Federal claims dismissed with prejudice<br>• Declined to exercise supplemental jurisdiction over state law claims<br>• Affirmed on appeal. *Raeburn v. Gibson*, 2021 WL 3871916 (8th Cir. 31 August 2021) |

| | | |
|---|---|---|
| | • Malicious prosecution<br>• Abuse of process<br>• Assault<br>• Battery<br>• Arkansas Civil Action by Crime Victim Act | |
| *Moore I*, 4:19-cv-51-BRW | Federal:<br>• Fourth Amendment unlawful arrest<br>• Fourth Amendment failure to train<br>• First Amendment retaliation<br>• First Amendment failure to train<br><br>State:<br>• Arkansas Civil Rights Act (Fourth Amendment equivalent) | • Voluntary nonsuit |

| | | |
|---|---|---|
| | • Arkansas Civil Rights Act (First Amendment equivalent)<br><br>• Malicious prosecution<br><br>• Abuse of process | |
| *Moore II*, 4:20-cv-258-DPM (originally assigned to Chief Judge Baker) | Federal:<br>• Fourth Amendment unlawful arrest<br><br>• Fourth Amendment failure to train<br><br>• First Amendment retaliation<br><br>• First Amendment failure to train<br><br>State:<br>• Arkansas Civil Rights Act (Fourth Amendment equivalent)<br><br>• Arkansas Civil Rights Act (First Amendment equivalent) | • Federal claims and Arkansas Civil Rights Act claims dismissed with prejudice<br><br>• Other state law claims dismissed without prejudice<br><br>• DPM denied a motion to reconsider. *Doc. 42.*<br><br>• No appeal. |

| | | |
|---|---|---|
| | • Malicious prosecution<br><br>• Abuse of process | |
| *Raeburn II*, 23CV-21-1443, removed as 4:24-cv-706-DPM (Raeburn and Moore bring all claims together) | Federal:<br>• Fourth Amendment unlawful arrest<br><br>• Fourth Amendment excessive force<br><br>• Fourth Amendment malicious prosecution<br><br>• Fourth Amendment failure to train<br><br>• First Amendment retaliation<br><br>• First Amendment failure to train<br><br>State:<br>• Arkansas Civil Rights Act (Fourth Amendment equivalent) | • All claims pending |

| | | |
|---|---|---|
| | • Arkansas Civil Rights Act (First Amendment equivalent)<br>• Assault<br>• Battery<br>• Malicious prosecution<br>• Abuse of process | |